IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL HAMILTON and )
JUANITA HAMILTON )
) NO. 3-14-1542
v. ) JUDGE CAMPBELL
)
CAR CREDIT, INC., et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss First Amended Complaint (Docket No. 18). For the reasons stated herein, Defendants' Motion to Dismiss is GRANTED. Plaintiffs' federal claim is dismissed with prejudice, and Plaintiffs' state law claims are dismissed without prejudice.

FACTS

This action arises from Plaintiffs' May 22, 2013 purchase of a truck from Defendant Car Credit, which is owned and operated by Defendants Tracy and Catherine McMurtry. Plaintiffs allege that Defendants fraudulently misrepresented on the Sales Contract between Plaintiffs and Defendants that Plaintiffs had paid $3,000.00 cash in a down payment for the vehicle when, in fact, Plaintiffs and Defendants had an oral agreement that Plaintiffs would endorse over to Defendants two checks from their insurance company (totaling $3,000.00) for the down payment. Plaintiffs aver that Defendants fraudulently misrepresented to Plaintiffs that they could pay the down payment in this manner and, if they did, they could keep their truck.

Plaintiffs further contend that Defendants thereafter assigned Plaintiffs' debt to Pinnacle Bank without notice to Plaintiffs. Plaintiffs assert that Defendants did not tell them that their oral agreement about the down payment could have any effect on the original debt. Plaintiffs allege that they made what they thought was a regular monthly payment to Defendants on or about June 22, 2013. Plaintiffs

claim that, at the time, Defendants fraudulently told them that this payment was a regular monthly payment on the debt, when Defendants actually applied the payment to the "side debt" for the down payment. Two days later, Plaintiffs received a statement from Pinnacle Bank, setting payment dates for the original debt which Defendants had sold to Pinnacle. Plaintiffs assert that they then made a timely payment to Pinnacle.

The First Amended Complaint alleges that on July 25, 2013, Plaintiffs began receiving phone calls from Defendants demanding the payment which they had already made to Pinnacle. Moreover, Defendants threatened to repossess the truck unless the down payment was paid in full in three days. Plaintiffs contacted Pinnacle, which advised them that their account was in good standing and not in arrears. On July 28, 2013, Plaintiffs found that their truck was missing and reported the theft to the Nashville police. In fact, the truck had been repossessed by Defendants. Plaintiffs again called Pinnacle Bank and were told that their account was in good standing.

Within a few days, Plaintiffs received another billing statement from Pinnacle and were advised by Pinnacle that the payoff amount on the loan was $13,758.00. Soon thereafter, an employee of Pinnacle telephoned Plaintiffs and told them the payoff amount on the truck was $15,938.00 and Pinnacle no longer owned the debt. Later in August 2013, Defendants advised Plaintiffs that the payoff amount was $22,367.00, and that failure to pay that amount would result in the sale of the truck. In fact, the August 12th date set for sale of the truck had already passed.

Plaintiffs argue that they made their installment payments on time to the entity they were told held their loan. Plaintiffs also aver that Defendants repossessed the truck based upon an oral agreement, with which Plaintiffs had complied, concerning the down payment. Plaintiffs claim that Defendants had no right to repossess the truck because Defendants held no lien.

Plaintiffs contend that Defendants' fraudulent misrepresentations to them resulted in the truck's being wrongfully repossessed and sold and resulted in Plaintiffs' loss of a portion of the down payment and the regular monthly payments made. Plaintiffs claim they reasonably relied upon Defendants' misrepresentations that if they paid their monthly payments on time and to the proper party, they would continue to possess their truck. Plaintiffs say they also reasonably relied upon Defendants' misrepresentations that the side debt down payment would not effect their ability to retain their truck if they made timely payments.

Plaintiffs also assert that Defendants, for several years, had operated a criminal enterprise predicated on similar fraudulent and unlawful financing schemes, taking an interest in the customers' initial down payments through oral "side debts" and immediately selling the underlying debts to a third party who eventually sold the debts back to Defendants. Plaintiffs allege that Defendants induced purchasers to enter into these fraudulent transactions, expressly intending to make it impossible for the purchaser/debtor to make his payments by offering to accept contracts as cash down payments. Plaintiffs claim that the scheme involved Defendants' "staying ahead" of the purchaser's good faith payments on the side and underlying debts, thus creating a deficiency.

The First Amended Complaint asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Tennessee Consumer Protection Act and also alleges state law claims for common law fraud. Defendants have moved to dismiss Plaintiffs' First Amended Complaint for failure to state a claim.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Fed. R. Civ. P. 9(b) requires that a party alleging fraud must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b) adds additional pleading requirements for allegations of fraud, but it should not be read to defeat the general policy of simplicity and flexibility in pleadings contemplated by the Federal Rules. *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008). The principal purpose of Rule 9(b) is to ensure that the complaint provides the minimum degree of detail necessary to begin a competent defense. *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 478, n. 2 (6th Cir. 2014).

## CIVIL RICO

The Civil RICO statute provides that it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such an enterprise's affairs through a pattern of racketeering activity. 18 U.S.C. § 1962(c). A violation of this statute requires (1) conduct (2) of an enterprise[1] (3) through a pattern (4) of racketeering activity. *Phelps v. MacConnell*,

---

[1] An "enterprise" includes any individual, partnership, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity. 18 U.S.C. § 1961(4). Plaintiffs have alleged conduct by Car Credit, Inc., Tracy McMurtry,

4

2014 WL 3809806 at * 5 (S.D. Ohio Aug. 1, 2014); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012).

Defendants argue that Plaintiffs have not sufficiently alleged the illegal conduct (fraud) by the Defendants. To plead fraud with particularity, the complaint must allege (1) the time, place and content of the alleged misrepresentation(s); (2) the fraudulent scheme; (3) the defendant's fraudulent intent; and (4) the resulting injury. *U.S. ex rel. Kreipke v. Wayne State University*, 2014 WL 6085704 at * 3 (E.D. Mich. Nov. 13, 2014). Although fraud may be pled on information and belief when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, a plaintiff must still set forth the factual basis for his belief. *Id.*; *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 512 (6th Cir. 2007).

Defendant contends that the First Amended Complaint does not properly allege a single fraudulent statement made by Defendants. Docket No.18-1, p. 2. The Court disagrees. For example, Plaintiffs allege that Defendants fraudulently listed the $3,000 down payment as a cash payment on the Sales Contract/Note. Plaintiffs allege that Defendants fraudulently represented to Plaintiffs that they could pay the down payment by endorsing over their two insurance checks to Defendants. Plaintiffs allege fraud by omission in that Defendants never told Plaintiffs that the side debt for the down payment had any effect on the underlying debt/note. Plaintiffs' First Amended Complaint alleges that Defendants fraudulently represented to Plaintiffs that their first payment of $427.44 to Defendants was a regular monthly payment on the note when, in reality, Defendants applied the payment to the side debt.

---

and Catherine McMurtry. Defendants do not contend that Plaintiff has failed to demonstrate an enterprise.

Plaintiffs have asserted that despite their timely payments to Pinnacle Bank, Defendants fraudulently began to demand payment even when the account was current and in good standing. Plaintiffs claim that Defendants illegally repossessed the truck when Plaintiffs' account was current and in good standing. Plaintiffs aver that Defendants gave them inconsistent payoff amounts and failed to give advance notice of the sale of the truck.

The Court finds that Plaintiffs have sufficiently pled their allegations of fraud against Defendants in connection with Plaintiffs' purchase of and payments for the subject truck.

Defendants argue that Plaintiffs cannot show a *pattern* of racketeering activity. A "pattern of racketeering activity" requires at least two acts of racketeering activity within ten years of each other. 18 U.S.C. § 1961(5); *Hooker v. Hooker*, 2014 WL 2433985 at * 7 (W.D. Tenn. May 28, 2014) (citing *H.J. Inc. v. NW Bell Tel. Co.,* 492 U.S. 229, 237-39 (1989)). A plaintiff must show that the racketeering acts are related and that they amount to or pose a threat of continued criminal activity. *Id.*[2]

Here, Plaintiffs allege sufficient facts to set forth their own individual claim for fraud, but they do not set forth sufficient factual allegations to show a pattern of racketeering activity. Plaintiffs' situation alone does not constitute a pattern. Plaintiffs allege that, starting in the 2000s, Defendants began to form a criminal enterprise and take certain actions in furtherance of racketeering activity. Plaintiffs do not, however, identify one specific act involving a party other than Plaintiffs actually taken by Defendants in furtherance of this criminal activity. Paragraphs 4.1 through 4.4 of Plaintiffs' First Amended Complaint assert that Defendants took certain actions, but no individual persons, loans, agreements, down payments, defaults or misrepresentations are identified. For example, Plaintiffs

---

[2] A plaintiff may satisfy the relationship requirement if the predicate acts alleged have the same or similar purposes, results, participants, interrelated by distinguishing characteristics and are not isolated events. *Vild v. Visconsi*, 956 F.2d 560, 566 (6th Cir. 1992).

allege that Defendant's racketeering activity was comprised of a series of interlocking *unnamed* business entities and that prospective *unnamed* purchasers were induced to purchase and finance their vehicles with Defendants.

Plaintiffs assert, in the First Amended Complaint, that the facts set forth in paragraphs 4.1 through 4.4 are based upon information currently available to the Plaintiffs, but the pertinent documents, exact dates, times of illegal transactions, and names of unknown entities are in the exclusive knowledge and control of Defendants. Plaintiffs contend that these facts cannot be discovered without the aid of the discovery process set forth in the Federal Rules of Civil Procedure. Plaintiffs claim that because the pending Motion is a Motion to Dismiss, the Court must accept the above factual "caveat" as true and consider Plaintiffs' need for discovery in the context of the pending Motion to Dismiss.

In setting new standards for assessing the adequacy of pleadings, the Supreme Court held, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Twombly* at 557; *Iqbal* at 678. The Court stated that Fed. R. Civ. P. 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id*. Moreover, the Court stated that it is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process. *Twombly* at 559. A plaintiff is required to plead enough factual matter to raise a plausible inference of wrongdoing. *16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

The Sixth Circuit has noted that by foreclosing discovery to obtain information, the combined effect of *Twombly* and *Iqbal* requires a plaintiff to have greater knowledge of factual details in order

to draft a "plausible" complaint. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011). Complaints in which the plaintiff has failed to plead enough factual detail to state a claim that is plausible on its face may be dismissed for failure to state a claim. *Id*. The Court may not accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action. *Girl Scouts of Middle Tennessee, Inc. v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 418 (6th Cir. 2014).

The First Amended Complaint alleges facts that, if true, could be consistent with a pattern of racketeering activity by Defendants; but those allegations are not well-pleaded in that they include no factual specifics. Basically, Plaintiffs argue that Defendants defrauded Plaintiffs and that Defendants have defrauded people this way for several years. The Supreme Court has held that the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual content. *Iqbal* at 686. Plaintiffs' obligation to provide the grounds of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id*.

The Court finds that Plaintiffs have failed to state a plausible claim of a pattern of racketeering activity.[3] The Court also finds that Plaintiffs' reliance on their need for discovery in order to establish such a pattern is of no avail, given the holdings in *Twombly* and *Iqbal.*

---

[3] In addition, to establish a pattern of racketeering activity, Plaintiffs must show that the alleged related racketeering acts amount to or pose a threat of continued criminal activity. *Hooker* at * 7. The continuity of relationship required is not a continuity of relationship by and between the Defendants, as Plaintiffs suggest. The continuity required is continuity of racketeering activity or its threat. *H.J. Inc,* 492 U.S. at 241. Plaintiffs have not adequately alleged facts which state a plausible claim for the threat of continued racketeering activity by Defendants.

8

Because Plaintiffs have not sufficiently stated a claim for violation of the RICO statute, Defendants' Motion to Dismiss that claim is granted, and Plaintiffs' civil RICO claim is dismissed with prejudice.

## STATE LAW CLAIMS

Having dismissed Plaintiffs' federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. 28 U.S.C. § 1367(c). The state law claims are dismissed without prejudice.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss (Docket No. 18) is GRANTED. Plaintiffs' federal claim is DISMISSED with prejudice, and Plaintiffs' state law claims are DISMISSED without prejudice.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE